JS - 6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. SACV 08-5189 DOC (SSx)** |
| **Plaintiff(s),** | |
| v. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| **$80,010.00 IN U.S. CURRENCY,** | |
| **Defendant(s).** | |
| **JAMES WILSON, JR.,** | |
| **Claimant** | |

The non-jury trial in this matter was held on September 22, 2010 before the Honorable Florence M. Cooper. After Judge Cooper's tragic passing, this matter was transferred to the docket of the Honorable David O. Carter.

**I.     Background**

At the conclusion of the one day bench trial, and after the parties submitted their evidence and argument for the Court's review, Judge Cooper instructed the parties as follows:

> All right. I will prepare written findings and conclusions, parties are entitled to them, at the end of the court trial. But I will be

        entering a judgment in favor of the plaintiff.

        I'm satisfied by a preponderance of the evidence that the funds in the defendant's possession were in fact proceeds from the sale of drugs.

        The reasonableness of the assumptions made by the officers certainly ring very true. The testimony that the claimant effectively saved every dollar he had ever earned and the total chart here, that's what it reflects. Every paycheck was cashed and all of the cash was put in a safe. So this man never bought himself a cup of coffee for five years, did nothing but save all of his money.

        The packaging of the money, the fact that there were so many bills of various denominations, it's inherently incredible to the court that anyone would purchase a truck that way.

        Even the trip to Atlanta to purchase a truck makes absolutely no sense under the circumstances when one can purchase things on line, at least investigate on line, determine what's available, learn whether a truck manufactured in another state would satisfy California laws.

        I'm just completely persuaded that the reasonable answer to this is that the claimant was in fact transporting drug proceeds and therefore I will enter a judgment of forfeiture in favor of the plaintiff.

(*See* Dkt. 83, Transcript of Proceedings held on 09-22-09, at 153:1-154:2.)

In light of the obvious care attended to the issues by Judge Cooper, as well as the clear and considered enunciation of her conclusions to the parties at the September 22, 2010 trial, the Court makes its finding of fact and conclusions of law as follows:

**II.  Findings of Fact**

1. On March 20, 2008, two Los Angeles Airport Task Force Officers approached Claimant James Wilson ("claimant") after concluding that claimant was engaging in suspicious

2

      behavior.

2. Upon searching a garment bag recovered by claimant from the baggage carousel at the airport, the two officers discovered several bundles of money concealed within the lining of a leather jacket. The defendant currency was packaged in the form of bills of various denominations and was later determined to total $80,010.00.

3. Claimant informed the officers that he had traveled to Atlanta, Georgia with the defendant currency in order to purchase a truck for his business, "2 C's Trucking."

4. On March 7, 2006, claimant was arrested for possession of PCP for sale after law enforcement officers executed a search warrant at his residence, 2113 Locust Avenue.

### III. Conclusions of Law

1. Plaintiff alleges that the defendant currency is subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture to the United States "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

2. In a suit or action brought under 21 U.S.C. § 881(a)(6), "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." *See* 18 U.S.C. § 983(c)(1). "[I]f the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." *Id.* at (c)(3).

3. To amass the $80,010.00 in funds found in his possession on March 20, 2008, claimant would have had to cash every paycheck and save every dollar earned over a period of five years, with no expenditures. The amount of the funds, when contrasted with claimant's salary, is evidence that the funds were furnished in return for drugs. *United States v. U.S.*

|   |   |   |
|---|---|---|
| 1 |  | *Currency, $83,310.78*, 851 F.2d 1231, 1236 (9th Cir. 1988) ("[P]ossession of a large |
| 2 |  | amount of cash 'is strong evidence that the money was furnished in return for drugs.'") |
| 3 |  | (citing *United States v. 93,685.61 in U.S. Currency*, 730 F.2d 571, 572 (9th Cir. 1984)). |
| 4 | 4. | The bundling of bills with rubber bands and embedding of the bills in the lining of a |

1    *Currency, $83,310.78*, 851 F.2d 1231, 1236 (9th Cir. 1988) ("[P]ossession of a large amount of cash 'is strong evidence that the money was furnished in return for drugs.'") (citing *United States v. 93,685.61 in U.S. Currency*, 730 F.2d 571, 572 (9th Cir. 1984)).

4. The bundling of bills with rubber bands and embedding of the bills in the lining of a jacket found in luggage in claimant's possession is further evidence that the funds were furnished in return for drugs. *See United States v. $242,484.00*, 389 F.3d 1149, 1161 (11th Cir. 2004).

5. Claimant's prior arrest for the possession of drugs is also evidence that the funds in his possession on March 20, 2008 were obtained incident to the sale of drugs. *See United States v. $67,220.00*, 957 F.2d 280, 286 (6th Cir. 1992).

6. The claimant's assertion that the funds had, in part, been loaned to him by his father is not credible in light of the fact that the funds were not deposited in a bank account subsequent to receipt. Nor is claimant's suggestion that the funds were to be used for the purchase of a truck credible, in light of the availability of other methods for the purchase of a truck, including on line purchases subsequent to proper investigation into the availability of compliant trucks.

7. The Government has established by a preponderance of the evidence that the funds in the defendant's possession were in fact proceeds from the sale of drugs.

**IV.    Disposition**

1  The court finds that the defendant currency was more likely than not related to drug-
2 trafficking, either as proceeds or money intended to be exchanged for a controlled substance.
3 The defendant currency is hereby forfeited to the United States of America, and the United
4 States Marshals Service is ordered to dispose of said assets in accordance with law.

6 IT IS SO ORDERED.
7 DATED: February 11, 2010

*/s/ David O. Carter*
_____
DAVID O. CARTER
United States District Judge